529 P.2d 251

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Range District Lodge No. 49, International Association of Machinists and Aerospace Workers, Aerospace Lodge No. 763, Appellants,**

v.

**Adah B. PETTY, Appellee.**

**No. I CA–CIV 2196.**

Court of Appeals of Arizona,
Division 1,
Department C.

Dec. 19, 1974.

Rehearing Denied Jan. 16, 1975.

Review Denied Feb. 25, 1975.

Ward & Contreras by Joe W. Contreras, Phoenix, for appellants.

Johnson, Tucker, Jessen & Dake, P.A. by T. Gale Dake, Phoenix, for appellee.

## OPINION

FROEB, Judge.

This is an appeal from the entry of a default judgment, which appellants contend should have been set aside by the trial court pursuant to 16 A.R.S., Rules of Civil Procedure, Rule 60(c)(6).

Adah B. Petty (Petty), surviving wife of Walter A. Petty, an employee of Goodyear Aerospace Corporation, filed a complaint against the International Association of Machinists and Aerospace Workers, Range District Lodge No. 49, and International Association of Machinists and Aerospace Workers, Aerospace Lodge No. 763 (hereinafter jointly referred to as the Union); International Association of Machinists and Aerospace Workers, an international labor organization (International); Goodyear Aerospace Corporation (Goodyear); St. Luke's Hospital Medical Center (St. Luke's); and Robert Bussell and Jane Doe Bussell (Bussell). During the course of the proceedings, default judgment was entered pursuant to Rules 54(b) and 55(b) against the Union; International was dismissed from the proceedings, while Goodyear, St. Luke's and Bussell filed answers to the complaint. The only parties concerned with this appeal are Petty and the Union.

The factual background of the default judgment against the Union began with the filing of an amended complaint on June 9, 1971. The Union was served in due course, but through inaction of the business representative of the Union, no answer was filed. On July 9, 1971, a default was entered, and on August 16, 1971, default judgment was taken against the Union in the amount of $11,448.00. Follow-

ing the expiration of six months after entry of judgment, Petty caused a writ of garnishment to be issued against a Union bank account thereby impounding sufficient funds to satisfy the judgment. Shortly thereafter, the Union filed its motion to vacate and to set aside the default judgment which had been entered. The motion was supported by the affidavit of the Union business representative setting forth its reasons for failing to respond to the amended complaint. On July 25, 1972, the trial court denied the motion and this appeal followed.

The claim set forth in the complaint sought recovery of expenses and damages from the Union for its alleged failure to represent Petty's deceased husband in his claim for medical expenses and treatment benefits against Goodyear, as required under a collective bargaining agreement between the Union and Goodyear. The complaint alleged that Walter Petty had been confined to the Phoenix Nursing and Convalescent Center where he had incurred expenses for care and treatment in the amount of $1,319.12; that Goodyear failed to pay these expenses, and the Union failed to represent him in his effort to have them paid by Goodyear. It further alleged that the Union negligently advised him concerning disability and early retirement options which were available. The issue as to the liability, if any, of Goodyear for damages under the same claim had not been presented to or determined by the court at the time the default was taken against the Union.

The Union contends that the issue of liability raised by the case would have been decided in accordance with federal law flowing from interpretations of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 141 et seq., and, in particular, from the decision of the United States Supreme Court case in Vaca v. Sipes, 386 U.S. 171 (1967), 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The court there held that before judgment of the type sought in this case could be recovered against a un-

ion for failure to represent its members in such a matter it must be shown that (1) the union's conduct toward the member in connection with its duty of representation has been arbitrary, discriminatory or in bad faith, and (2) that the damages were not solely attributable to the employer's allegedly wrongful conduct.

The Union maintains that no judgment can be entered, whether by default or otherwise, against the Union unless and until the liability of the employer, Goodyear, is first established in accordance with the substantive law described. It urges that because federal substantive law was not correctly followed by the trial court the default judgment was erroneous and should have been set aside by the trial court on the authority of Rule 60(c), which states:

"60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

In view of the fact that the Union did not file its motion until after the expiration of six months following the entry of judgment, the court was without authority to set aside the judgment under Parts 1, 2 or 3 of Rule 60(c). The Union relies upon Part 6 of the rule as the sole basis for relief. It urges that the erroneous application of substantive law underlying the judgment is a "reason justifying relief from the operation of the judgment."

▇ Reasons justifying relief from the operation of the judgment under Part 6 are those for which no provision is made in Parts 1 through 5 of the rule. That is to say, they are mutually exclusive. Klapprott v. United States, 335 U.S. 601, 69 S. Ct. 384, 93 L.Ed. 266 (1949); Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Gulf Coast B. & S. Co. v. International Bro. of E. W., No. 480, 460 F.2d 105 (5th Cir. 1972); Vander Wagen v. Hughes, 19 Ariz.App. 155, 505 P.2d 1046 (1973); Roll v. Janca, 22 Ariz.App. 335, 527 P.2d 294 (1974). See also 7 Moore's Federal Practice, ¶60.27(2). Were this not so, the word "other" in Part 6 would be rendered meaningless. Thus it is that mistake, inadvertence, surprise and excusable neglect are not bases for a motion under Part 6. Nor are grounds set forth under Parts 2 through 5 of the rule. It has been said the purpose of Part 6 is to make available those grounds which equity has long recognized as a basis for relief. Klapprott v. United States, supra; Smith v. Jackson Tool and Die, Inc., 426 F.2d 5 (5th Cir. 1970); United States v. Cato Brothers, Inc., 273 F.2d 153 (4th Cir. 1959).

▇ A showing, however, that a default judgment taken may rest upon an erroneous application of substantive law is not, standing alone, a reason for which relief will be granted under Part 6 of Rule 60(c). See Annat v. Beard, 277 F.2d 554 (5th Cir. 1960). To vacate such a judgment for a mistake of law would be analogous to allowing a collateral attack thereon. Under the circumstances it will not be set aside. Bates v. Mitchell, 67 Ariz. 151, 192 P.2d 720 (1948); Varnes v. White, 40 Ariz. 427, 12 P.2d 870 (1932); Fox v. Weissbach, 76 Ariz. 91, 259 P.2d 258 (1953), and Maryland National Insurance Company v. Ozzie Young Drilling Company, 22 Ariz.App. 195, 526 P.2d 402 (1974).

Since we find no abuse of discretion by the trial court, the judgment is affirmed.

WREN, P. J., and NELSON, J., concur.