646 P.2d 291

**Adrianna TIPPIT, Plaintiff/Appellant,**

v.

**Herbert E. LAHR, Guardian of the Estate of Billy E. Tippit, a physically disabled person, and Billy E. Tippit, Defendants/Appellees.**

**No. 2 CA–CIV 4064.**

Court of Appeals of Arizona, Division 2.

Feb. 25, 1982.

Rehearing Denied April 14, 1982.

Review Denied May 11, 1982.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by D. Michael Mandig, Tucson, for plaintiff/appellant.

Kenneth L. Allen, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

This is an appeal from a judgment modifying the 1969 divorce decree that terminated the marriage of appellant Adrianna Tippit and appellee Billy Tippit.[1] Appellant contends that the trial court erred in reopening and modifying the decree eleven years after its entry. We agree.

The parties were married in Nevada in 1957, and took up residence in Arizona. In 1967, Billy Tippit was severely injured in an accident involving a "Scout," a utility vehicle manufactured by International Harvester (International). The resulting personal injury action against International was filed only a few months before the parties were divorced in 1969. In the divorce proceeding, the parties executed a property settlement agreement, which stated in paragraph 6:

> "First Party [ADRIANNA TIPPIT] waives any claim to the claim for personal injuries belonging to Second Party [BILLY TIPPIT] and the net proceeds of any recovery by reason of said claim shall be divided equally, that is to say, one-half to Second Party and one-half share and share alike to the minor children of the parties . . . ."

The settlement, including paragraph 6, was approved by the court and incorporated in the divorce decree.

After the divorce, the parties went their separate ways and the personal injury suit remained unresolved. In 1979, appellee reached a tentative settlement with International for $431,000. Other lawyers involved in that case then directed the attention of appellee's counsel to paragraph 6.

In October of 1979, appellee filed a motion to modify the divorce decree by deleting paragraph 6, which he attacked as an unlawful attempt to assign a personal injury claim. The hearing on that motion was delayed until February of 1981, because of legal difficulties resulting in the disqualification of appellee's original counsel. Meanwhile, matters were further complicated when our supreme court overruled the previously well-settled law that had undoubtedly caused the inclusion of paragraph 6 in the settlement to begin with. In *Jurek v. Jurek*, 124 Ariz. 596, 606 P.2d 812 (1980), the court held that recovery on a claim for personal injuries incurred during marriage is the separate property of the injured spouse to the extent that it represents compensation for injuries to "personal well-being." Under prior law, the entirety of such a recovery was regarded as community property.

After the hearing in February, 1981, the trial court found that Billy Tippit had been competent when he executed the property settlement and had understood all of the settlement provisions. It also found that paragraph 6 was an unlawful assignment of the proceeds of a personal injury claim. The court therefore ruled that paragraph 6 was "of no force and effect," and, relying upon *Jurek*, awarded the entire recovery to appellee.

Although it is not essential to our determination of this appeal, and has not been raised by the parties, we note with concern the trial court's apparent disregard of Rule 19, Rules of Civil Procedure, 16 A.R.S. When the settlement agreement was entered, the parties had four minor children, who were the beneficiaries of paragraph 6. Two of those children were still minors at the time of the February hearing. They, therefore, were still obvious beneficiaries of the disputed decree provision. It is also likely that the other children, even though they had reached majority, were still beneficiaries, since the term

1. Attorney Lahr was a guardian appointed to perform ministerial tasks that Billy Tippit was unable to perform because of physical disabili-

ties at the time of the divorce. The guardianship terminated shortly after the divorce.

"minor children" in a property settlement is usually meant only to describe the children by reference to their ages at the time of the settlement, not to grant benefits only during minority. *See Travelers Insurance Co. v. Lewis*, 531 P.2d 484 (Utah, 1975). The court below, however, proceeded in this case without acquiring jurisdiction over any of the children, *See* A.R.S. § 25–314(D), and entered a judgment purporting to nullify a previous judgment granting the children a substantial property interest in appellee's tort recovery. The record reveals no attempt whatever to join the adult children in the action, and the service of process on appellant alone was not sufficient to give the court jurisdiction over the minor children still in her custody. Rule 4(d)(2), Rules of Civil Procedure, 16 A.R.S.; *Ronan v. First National Bank of Arizona*, 90 Ariz. 341, 367 P.2d 950 (1962).

This was not a case in which the children were required to intervene to protect their interests. The nullification of paragraph 6 was obviously a disposition that as a practical matter was likely to impair or impede the children's ability to protect their apparent interest in the proceeds of the suit against International. In this situation Rule 19 requires joinder of the absent persons if feasible—upon the court's own motion and against the absent persons' will if necessary. If joinder is not feasible, the court must look to the pragmatic considerations of Rule 19(b) and determine whether it can "in equity and good conscience" allow the action to proceed. The record here contains no indication that the court made any such determination, and we see no way that it could have done so.

Rule 19 aside, however, we reverse in this case because modification of the divorce decree would have been improper even if the children had been joined. The parties have agreed that paragraph 6 was a provision of the divorce decree dealing with distribution of property. As such, it could be revoked or modified only as authorized by law generally applicable to reopening judg-

ments. A.R.S. § 25–327(A); *Wine v. Wine*, 14 Ariz.App. 103, 480 P.2d 1020 (1971). The court below therefore treated appellee's motion as one for relief from a final judgment brought under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Specifically, appellee argued below, as he does here, that modification was authorized by Rule 60(c)(6), which allows the court to grant relief "for any other reason justifying relief from the operation of a judgment."

■ Opening the judgment in this case was not authorized by that or any other provision of the rule. Assuming, without deciding, that a court-ordered distribution of the proceeds of a personal injury claim amounts to an unlawful "assignment" [2] by reason of the parties' agreement to submit to such an order, the divorce court's incorporation of paragraph 6 in its judgment was, at worst, an error of law. It did not render the judgment void, since the court had jurisdiction of the subject matter and the parties and jurisdiction to enter a decree incorporating an agreement of the parties. *In Re Adoption of Hadtrath*, 121 Ariz. 606, 592 P.2d 1262 (1979).

■ It is well established that Rule 60(c) does not provide an alternative to appeal, e.g., *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1951) (construing federal rule 60(b)); *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32 (2nd Cir. 1979) (same), or to other procedures for obtaining review of erroneous legal rulings, such as a motion for new trial or amended judgment under Rule 59, e.g., *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979). It is therefore held that a motion under Rule 60(c) is not a device for reviewing or correcting legal errors that do not render the judgment void. *Welch v. McClure, supra; In Re Estate of Balcomb*, 114 Ariz. 519, 562 P.2d 399 (App.1977); *International Assoc. of Machinists and Aerospace Workers v. Petty*, 22 Ariz.App. 539, 529 P.2d 251 (1974). While the precise scope of Rule 60(c) relief defies neat encapsulation, it is clear that the rule, except as it applies to void judgments, is

---

**2.** Appellant has acquiesced in appellee's characterization of paragraph 6 as an "assign-

ment." We therefore have no occasion to decide whether that label is appropriate.

primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review.

█ If appellee is correct in believing that the judgment in this case was erroneous, his proper course of action was to move for modification of the judgment under Rule 59(*l*), Rules of Civil Procedure, 16 A.R.S., within ten days of the judgment.[3] *See Sonnenblick-Goldman Corp. v. Nowalk,* 420 F.2d 858 (3rd Cir. 1970) (applying federal rule 59(e)). Cf. *Maganas v. Northroup,* 112 Ariz. 46, 537 P.2d 595 (1975) (Rule 59 motion proper even when no "trial" has been conducted). Having failed to do so, appellee may not challenge the judgment, ten years after its entry, on grounds of legal error. *Kenyon v. Kenyon,* 5 Ariz.App. 267, 425 P.2d 578 (1967).

Appellee's principal argument, as we understand it, is that paragraph 6 was never a part of the divorce decree. He reasons that the agreement embodied in that provision was a nullity, and therefore legally non-existent when the agreement was presented to the court, and that the incorporation of the agreement therefore did not incorporate paragraph 6. This interesting legal fiction is unpersuasive. Even in the absence of an agreement between the parties, the court in the divorce action might have erroneously ordered the same distribution of the tort claim proceeds. Had that occurred, appellee could not now be heard at this date to complain that the judgment was erroneous. It hardly seems logical that appellee should now have a stronger right to complain simply because he consented to the claimed legal error in advance.

This opinion should not be read to sanction or to disapprove property settlements of the kind involved in this case. We do not decide whether such agreements are unlawful, even though the result of this appeal is to require enforcement of a judgment directing the parties to do what they may not

lawfully have been able to do by themselves. The public policy against the assignment of personal injury claims does not outweigh the compelling societal interest in the finality of judgments.

Reversed.

HOWARD, C. J., and HATHAWAY, J., concur.

---

**3.** The original proceedings in this case took place long before the 1976 amendment extending the Rule 59(*l*) time limit to fifteen days.