687 P.2d 395

**Lessie M. CRAIG, Petitioner,**

v.

**SUPERIOR COURT In and For PIMA COUNTY, Honorable Lina S. Rodriguez and Real Party in Interest, Thomas S. Craig, Jr., Respondents.**

**No. 2 CA–SA 0063.**

Court of Appeals of Arizona, Division 2.

May 30, 1984.

Review Denied Sept. 13, 1984.

388

Dennis L. Parrott, Tucson, for petitioner.

Johnston & Grynkewich by Gary S. Grynkewich, Tucson, for respondents.

HOWARD, Judge.

Petitioner's special action is from an order of the respondent court setting aside all substantive parts of a decree of dissolution except for the finding that the marriage is dissolved. Because petitioner is without an adequate remedy by means of an appeal and because we believe the trial court abused its discretion, we assume jurisdiction and grant relief.

Petitioner and real party in interest were parties to a dissolution decree entered in Pima County Superior Court on September 27, 1982. The decree incorporated a separation agreement and property settlement executed by the parties in April 1982. The separation agreement provided for a division of community property, spousal maintenance, payment of medical expenses, the sale of community assets and the division of community liabilities. On December 2, 1982, the petitioner instituted an action in Pennsylvania against the real party in interest to enforce the decree. After a hearing, the court held that under the law of Arizona the decree was not modifiable but that the provision for spousal maintenance was, and the spousal maintenance amount was halved. On September 26, 1983, the petitioner filed a complaint in contract in Pima County against the real party in interest to enforce the provisions of the separation agreement. On January 10, 1984, the real party in interest filed a motion to set aside the decree of dissolution, which motion was opposed by petitioner on February 27. On March 16, petitioner filed two requests for order to show cause hearings, one for contempt and judgment for arrearages under the decree and the second seeking an upward modification of the spousal maintenance reduced by the Pennsylvania court. On March 20, a hearing was held on the real party in interest's motion to set aside the decree, and the order setting aside the substantive part of the decree was entered March 28, giving rise to this special action.

The real party in interest's motion to set aside the decree was made pursuant to Rule 60(c)(6), Arizona Rules of Civil Procedure, 16 A.R.S. Rule 60(c)(6) provides, in part:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

.        .        .        .        .

(6) any other reason justifying relief from the operation of the judgment."

It is established that Rule 60(c) is not an alternative to filing an appeal, *Tippit v. Lahr*, 132 Ariz. 406, 646 P.2d 291 (App.1982), or to other procedures for obtaining review of erroneous legal rulings such as a motion for new trial or amended judgment under Rule 59. See, *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979). It has been held that a motion under Rule 60(c) is not to be used for reviewing or correcting legal errors which do not render the judgment void. *Tippit v. Lahr, supra; In Matter of Estate of Balcomb*, 114 Ariz. 519, 562 P.2d 399 (App. 1977); *International Association of Machinists and Aerospace Workers v. Petty,*

22 Ariz.App. 539, 529 P.2d 251 (1974). As we said in *Tippit v. Lahr, supra:*

"While the precise scope of Rule 60(c) relief defies neat incapsulation, it is clear that the rule, except as it applies to void judgments, is primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review." 132 Ariz. at 408–409, 646 P.2d 291.

There was no appeal filed in this case from the decree of dissolution. The real party in interest's claim that Rule 60(c)(6) is applicable because the court had ample reason to grant relief from the operation of the judgment is misplaced. As our supreme court said in *De Gryse v. De Gryse*, 135 Ariz. 335, 661 P.2d 185 (1983):

"The rule governing motions for relief from final judgments is primarily intended to allow relief from judgments that are unjust due to extraordinary circumstances that cannot be remedied by legal review. *Tippit v. Lahr*, 132 Ariz. 406, 409, 646 P.2d 291, 294 (1982). We do not find that the trial court abused its discretion in holding that no reasons exist to justify granting relief from the judgment. The need for finality and stability in marriage and family law is great. Absent express authorization such as the retroactivity clause contained in the 'Uniformed Services Former Spouses' Protection Act', *supra*, or a finding of 'extraordinary circumstances' as contemplated by Rule 60(c)(6), a property settlement cannot be disturbed." 135 Ariz. at 338, 661 P.2d 185.

Contrary to the real party in interest's assertion, petitioner is not claiming that the mere passage of time in itself was sufficient to show an abuse of the trial court's discretion. Rule 60(c) speaks in terms of a "reasonable time" and we do not think the trial court abused its discretion in finding that the motion to vacate was timely. Rather, as shown by the case law, the problem is that Rule 60(c) contemplates extraordinary circumstances that could not possibly have been remedied by legal review. Such is not the case here. The real party in interest's only claimed unfairness is with the property settlement agreement's division of the property and medical bills. The alleged unfairness is the result of the property settlement agreement agreed to and signed by the real party in interest when it was incorporated into the dissolution decree. The principal of res judicata prevents the real party in interest from obtaining a modification of the award based upon facts which could have been raised at the dissolution hearing. *In re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978). The trial court was faced with a situation where no extraordinary circumstances existed to justify granting relief from the judgment, and it was an abuse of the trial court's discretion to do so. The order of the trial court setting aside portions of the decree is vacated.

BIRDSALL, C.J. and HATHAWAY, J., concur.