724 P.2d 63

Melissa M. HYMAN, a single woman,
Plaintiff-Appellant,

v.

ARDEN–MAYFAIR, INC., a foreign corporation, d/b/a Low Cost Discount Foods/El Rancho Markets # 282, Defendant-Appellee.

No. 1 CA–CIV 8641.

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 12, 1986.

Larry S. Rosenthal, Tucson, for plaintiff-appellant.

Renaud, Cook, Videan, Geiger & Drury, P.A. by Robert M. Geiger, Phoenix, for defendant-appellee.

## OPINION

PAUL G. ULRICH, Judge Pro Temp.

This is an appeal from the denial of plaintiff-appellant's motion to set aside an order of dismissal pursuant to Rule 60(c)(6), Arizona Rules of Civil Procedure. Appellant's counsel contends the trial court abused its discretion in denying the motion. We disagree and affirm the trial court's order.

## PROCEDURAL HISTORY

Plaintiff filed a negligence complaint on April 16, 1984, alleging she sustained personal injuries as a result of her slip and fall in defendant-appellee's grocery store on or about May 10, 1982. No subsequent activity occurred in the trial court's file. On February 27, 1985, pursuant to Rule V(e)(2), Uniform Rules of Practice of the Superior Court (formerly Rule V(d)), the trial court sent plaintiff's attorney a routine minute order advising that the case was being placed on the inactive calendar for dismissal on April 29, 1985. Defendant thereafter filed an answer on March 15, 1985.

On March 29, 1985, both counsel signed a stipulation to continue the case on the inactive calendar, requesting an additional 90 days to complete discovery. The only reason stated for this request was that "[d]efendant filed his answer on March 15, 1985." The trial court instead treated the stipulation as a motion to continue under Rule V(e)(2). It denied the motion for failure to show "good cause" in a minute order dated April 10, 1985.[1]

---

1. Rule V(e) provides:

**Inactive Calendar.** The clerk of the court or court administrator shall place on the Inac-

On April 19, 1986 plaintiff's counsel filed a motion to withdraw as counsel and again sought to continue the case on the inactive calendar stating simply, "[t]his case is not ready to be tried as further discovery is necessary." Defendant's response did not object to plaintiff's motion as such. Instead, it indicated defendant desired more time for discovery before it had to file its list of exhibits and witnesses in accordance with Rule V after plaintiff had done the same. It also asserted defendant's delay in filing an answer had occurred at plaintiff's request.[2] Plaintiff's motion to continue was denied and the action was dismissed without prejudice by the trial court for lack of prosecution in a minute order dated May 9, 1985 and by a formal written order entered on May 23, 1985 because "good cause" to continue under Rule V(e)(2) was not shown. No appeal was taken from this order.

On July 17, 1985, over seven weeks after entry of the formal dismissal order and nine weeks after the trial court entered its minute order, plaintiff's counsel filed a motion to set aside the dismissal pursuant to Rule 60(c)(6). The motion presented no facts justifying this delay. Nevertheless, counsel argued the requisite "good cause" showing under Rule V(e)(2) was satisfied, contending the case was not ready for trial because discovery was not yet complete and his client would suffer undue hardship because the statute of limitations had run on her claim.

Defendant's response argued for the first time that plaintiff had failed to show "good cause" because (1) the court's file showed no activity from April 16, 1984 through March 15, 1985; (2) the court had correctly rejected plaintiff's contention that failure to prosecute was the result of negotiation efforts; (3) Rule 60(c) does not provide for relief under the facts of this case; and (4) plaintiff gave no reason for filing her motion to set aside over seven weeks after the formal order dismissing his action. After hearing oral argument, the trial court denied the motion to set aside in a minute order dated September 23, 1985, finding no "good cause" under Rule V existed, the motion to set aside was untimely and the relief sought was not within the provisions of Rule 60(c). A formal order of dismissal was thereafter entered on October 7, 1985.

## PRELIMINARY JURISDICTIONAL AND PROCEDURAL MATTERS

■ Initially, we must determine whether we have jurisdiction concerning this appeal. *See Soltes v. Jarzynka,* 127 Ariz. 427, 621 P.2d 933 (App.1980). Appellant's notice of appeal, filed September 30, 1985, states she is appealing from the unsigned minute entry order denying the motion to set aside dated September 23, 1985. The formal written order signed by the trial judge to that effect was not entered until October 7, 1985. Even though appellant prematurely filed her notice of appeal before the formal order was filed, we have jurisdiction pursuant to A.R.S. § 12-2101(D) and thus need not dismiss the appeal. *Barassi v. Matison,* 130 Ariz. 418, 636 P.2d 1200 (1981).

■ We must also decide what questions are properly before us. In the trial court,

---

tive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof ... All cases remaining on the Inactive Calendar for two months *shall be dismissed without prejudice for lack of prosecution ... unless prior to the expiration of such two months period:*
(1) A proper Motion to Set and Certificate of Readiness is filed; or
(2) *The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.*
(Emphasis supplied).

**2.** Plaintiff claims defendant's response was a separate motion to continue that was not ruled on by the trial court. We disagree. The response did not affirmatively request a further continuance. In any event, since the trial court ruled one month after the response was filed, presumably it considered both the motion and response in making its decision. Adjudication of defendant's response was also necessarily included in the trial court's ruling. That ruling also thus was a final determination as to the response as well.

appellant's counsel moved to set aside the order of dismissal only pursuant to Rule 60(c)(6). For the first time on appeal, he asserts his motion should have been granted not only under Rule 60(c)(6) but also under Rule 60(c)(1) for his possible "excusable neglect." However, counsel is precluded from raising the issue of his "excusable neglect" under Rule 60(c)(1) for the first time on appeal since he failed to raise that issue in the trial court. *Evans v. Arizona Dep't of Corrections,* 139 Ariz. 321, 678 P.2d 506 (App.1983); *Cote v. A.J. Bayless Markets, Inc.,* 128 Ariz. 438, 626 P.2d 602 (App.1981). We will therefore consider only whether the trial court abused its discretion in denying the motion to set aside pursuant to Rule 60(c)(6).

Denial of such a motion is a matter within the trial court's sound discretion and will not be disturbed on appeal absent a clear abuse of discretion. *See Staffco, Inc. v. Maricopa Trading Co.,* 122 Ariz. 353, 595 P.2d 31 (1979). We consider appellant's contention according to this standard of review.

### PROPRIETY OF PROCEEDING UNDER RULE 60(c)

Appellant's counsel was fully involved in the proceedings leading to the trial court's initial order of dismissal. His proposed stipulation and motion for continuance on the inactive calendar were both denied while he was counsel of record. The trial court had jurisdiction over the parties and the subject matter, and the legal authority to enter its ruling. No claim is made that counsel somehow failed to receive timely notice of the order of dismissal or that the trial court's order was otherwise void. The order of dismissal was also a final, appealable order pursuant to A.R.S. § 12–2101(D). *Campbell v. Deddens,* 93 Ariz. 247, 379 P.2d 963 (1963).

Under these circumstances, we believe appellant's proper course of action was to file a timely motion for reconsideration of the trial court's ruling pursuant to Rule 59, Arizona Rules of Civil Procedure presenting the matters then desired to be raised rather than a motion to set aside the judgment filed pursuant to Rule 60(c)(6). *Tippit v. Lahr,* 132 Ariz. 406, 646 P.2d 291 (App.1982). In any event, appellant also could have sought appellate review at that time by filing an appeal based on the trial court's order of dismissal entered on May 23, 1985 pursuant to A.R.S. § 12–2101(D). Failure to do so caused that order to become final as to issues that either had or might have been litigated at that time. *E.g., Fraternal Order of Police, Lodge 2 v. Superior Court,* 122 Ariz. 563, 596 P.2d 701 (1979); *Pierpont v. Hydro Mfg. Co., Inc.,* 22 Ariz.App. 252, 526 P.2d 776 (1974). *Cf., Arizona Downs v. Superior Court,* 128 Ariz. 73, 623 P.2d 1229 (1981).

■ Rule 60(c) does not encompass situations, other than void judgments, where a party merely asks the court to reconsider a previous legal ruling. *De Gryse v. De Gryse,* 135 Ariz. 335, 338, 661 P.2d 185, 188 (1983); *Welch v. McClure,* 123 Ariz. 161, 165, 598 P.2d 980 (1979). Rule 60(c) is also not an alternative to filing an appeal. *Craig v. Superior Court,* 141 Ariz. 387, 687 P.2d 395 (App.1984); *Tippit v. Lahr,* 132 Ariz. 406, 646 P.2d 291 (App.1982); *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (construing federal Rule 60(b)). "While the precise scope of Rule 60(c) relief defies neat encapsulation, it is clear that the rule, except as it applies to void judgments, is primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review." *Tippit v. Lahr, supra,* 132 Ariz. 406, 409, 646 P.2d 291, 293–94.

We recognize that in *Bickerstaff v. Denny's Restaurant, Inc.,* 141 Ariz. 629, 688 P.2d 637 (1984), our supreme court considered the merits of an appeal from an order denying a motion to set aside a dismissal without prejudice filed pursuant to Rule 60(c). The motion there involved was filed three months after the order of dismissal was entered. It does not appear that appellant's counsel in any manner there sought an extension on the inactive calendar in the trial court before the order

of dismissal was originally entered, as here occurred, or that the trial court ruled on any such request.

■ Under these circumstances, we believe *Bickerstaff* is distinguishable. It should not be relied upon as either approving or requiring use of a Rule 60(c) motion as such rather than a Rule 59 motion for reconsideration or an appeal from the order of dismissal itself when reasons either exist or could have then been presented to the trial court supporting the contention that a further continuance on the inactive calendar is justified by the particular circumstances involved.[3] The trial court's discretion in ruling on a contested motion to dismiss for lack of prosecution or for additional time on the inactive calendar is based "upon *the same conditions* that permit relief under Ariz.R.Civ.P. 60(c), provided the good cause required by [former] Rule V(d)(2) is shown." *Campbell v. Deddens,* 93 Ariz. 247, 251, 379 P.2d 963, 965 (1963) (emphasis added). However, *Campbell* expressly states that the trial court is not required "to go through the needless formality of a dismissal" before its discretion provided by Rule 60(c) can be exercised. *Id.* It therefore follows that although the standards governing exercise of the trial court's discretion are the same in either event, in situations where the remedies of a Rule 59 motion for reconsideration or an appeal from either an order of dismissal or a denial of the motion for reconsideration are available, they should be pursued.

In summary, no reason appears why a Rule 60(c) motion should have been attempted by counsel or considered by the trial court based on the circumstances here presented. Pursuing such a course simply resulted in an unnecessary abandonment of available remedies. We therefore hold the trial court correctly denied appellant's motion to set aside the order of dismissal on the basis the motion did not involve circumstances within the provisions of Rule 60(c)(6).

## TIMELINESS

Appellant's motion to set aside was not filed until nine weeks after the trial court's minute order and seven weeks after its formal order of dismissal were filed. No reason for this delay was given either in the motion itself or in appellant's reply memorandum when timeliness was raised as an issue in appellee's response.

■ Under these circumstances, we believe the trial court also properly held the motion was untimely. In *Bickerstaff, supra,* the supreme court decided the merits of the appeal rather than holding the motion to set aside was untimely because it was filed three months after the order of dismissal. However, in *Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982), the supreme court specifically held that an unexplained five-week delay in filing a motion seeking relief from entry of a default pursuant to Rules 55(c) and 60(c) provided the trial court no basis upon which it could exercise its discretion to determine the moving party had acted "reasonably promptly" to seek relief. In *Bickerstaff, supra,* the supreme court stated the same requirement of acting "promptly" applies in seeking relief from an order of dismissal without prejudice pursuant to Rule 60(c), although that Rule by its terms merely requires that the motion be made "within a reasonable time."

■ Given these authorities, we conclude the "prompt action" required by *Richas* here also requires affirming the portion of the trial court's ruling that appellant's motion was untimely. Indeed, without any explanation being offered for appellant's delay, *Richas* would require us to hold that

---

**3.** Several prior decisions have considered on their merits appeals from orders denying motions filed pursuant to Rule 60(c) to set aside dismissals without prejudice. *E.g., Walker v. Kendig,* 107 Ariz. 510, 489 P.2d 849 (1971); *McKinley v. Town of Fredonia,* 140 Ariz. 189, 680 P.2d 1250 (App.1984); *Ursel v. Pizzo,* 126 Ariz. 316, 614 P.2d 858 (App.1980). However, these cases also appear to have involved situations where orders of dismissal had been entered prior to any effort to make a record justifying further continuance on the inactive calendar. They are therefore also distinguishable for this reason as well.

granting the motion would have been an abuse of discretion, since the trial court's discretion would have lacked a factual basis. Given *Richas,* we are not required to speculate for purposes of this appeal how much delay is excessive. However, to avoid its application, counsel should provide the trial court factual information justifying any delay in the event they feel compelled by their particular circumstances to proceed under Rule 60(c) rather than as previously indicated.

## "GOOD CAUSE"

Rule 60(c)(6) allows relief from a final judgment or order for any other reason justifying relief from the operation of the judgment. *Bickerstaff, supra.* To justify relief under this clause, the facts must go beyond the factors enumerated in clauses 1 through 5 and raise extraordinary circumstances of hardship or injustice. *Id.,* citing *Webb v. Erickson,* 134 Ariz. 182, 186, 655 P.2d 6, 10 (1982).

Appellant here contends "extraordinary circumstances" exist because both parties stipulated to the first "motion to continue," plaintiff filed a second such motion to which defendant did not object, both motions occurring *prior* to dismissal, and finally plaintiff would suffer hardship as a result of the dismissal because the statute of limitations had run on her claim by the time the trial court dismissed the case. We disagree.

The mere passage of the limitations period does not create a unique situation justifying relief from judgment. *Bickerstaff, supra,* 141 Ariz. at 632, 688 P.2d at 640. The problem in this case lies with the motions to continue occurring prior to dismissal and defendant's later change of position after the trial court denied the motions and dismissed the case without prejudice.

Under Rule V, the trial court was permitted to continue the case on the inactive calendar only upon a showing of "good cause." The reasons provided the trial court in the proposed stipulation, plaintiff's motion to continue and defendant's response thereto were that defendant had filed its answer on March 15, 1985, additional time to complete discovery was necessary, the delay in prosecuting the claim was because of efforts by plaintiff's counsel to directly negotiate with defendant's counsel, and defendant needed more time for discovery to enable him to file his list of witnesses and exhibits as the result of the delay plaintiff had caused. The trial court acted within its discretion in holding these reasons insufficient.

An effort to negotiate is not a sufficient reason showing "extraordinary circumstances" under the rule. *Bickerstaff, supra,* 141 Ariz. at 632, 688 P.2d 637. Instead, the real issue presented is whether plaintiff's attorney was entitled to rely on the stipulation and the defendant's response to plaintiff's motion to continue which did not object to continuing the case. To state it differently, is "good cause" under Rule V(e)(2) shown when the parties essentially agree to continue the case prior to dismissal without stating any substantial basis justifying that continuance for the court's information, making this factor an "extraordinary circumstance" justifying relief from the order of dismissal? We do not believe so.

Our research has disclosed no Arizona cases dealing with this precise question. However, in our opinion the proposed stipulation and later unobjected-to motion to continue relied on by plaintiff's counsel do not constitute "good cause" as contemplated by Rule V(e)(2). Our supreme court has stated former Rule V(d)

was designed to standardize, among the Superior Courts in this state, the *exercise of their inherent power to dismiss cases for want of prosecution, and to provide a convenient administrative practice which would bring to the attention of the court and the attorneys involved the fact that ample time had elapsed in which to prepare a case for trial.* It was not intended to place a sword in the hands of defendants' attorneys which will enable them to abruptly terminate

litigation if their opponents miss a deadline.

*Campbell v. Deddens,* 93 Ariz. 247, 249–50, 379 P.2d 963, 964–65 (1963) (emphasis added).

The policy behind Rule V(e) is to promote the most expeditious and inexpensive manner for disposing of civil cases.[4] If the parties by stipulation or otherwise could circumvent that Rule without an adequate showing of "good cause," its policy would be frustrated. The Rule places control over the case in the trial court to ensure that policy is achieved. This policy is fully consistent with American Bar Association Standards Relating to Trial Courts, No. 250, adopted in 1984: "the court, not the lawyers or the litigants, should control the pace of litigation." A.B.A. Standard No. 251 further provides, "court supervision and control of the movement of all cases from the time of filing of the first document invoking court jurisdiction through final disposition is one of the 'essential elements' the court should use to manage its cases." *See generally,* B. Mahoney, L. Sipes and J. Ito, *Implementing Delay Reduction and Delay Prevention Programs in Urban Trial Courts* (National Center for State Courts 1985).

Here, the parties' initial proposed stipulation did not present sufficient information to support the requested extension. No explanation was given as to why defendant had not filed its answer until eleven months after the complaint had been filed, or what was occurring in the litigation that was not reflected in the trial court's file. The trial court thus was not provided any factual basis for exercising its discretion to determine whether "good cause" for the requested stipulated extension existed.[5] Plaintiff's subsequent motion to continue on the inactive calendar also did not provide any such information, or seek to explain the delay that had occurred to that time.

Plaintiff's final motion to set aside the order of dismissal indicated for the first time that she had not returned to her physicians for evaluation of her alleged injuries so her counsel could present a settlement demand prior to commencing discovery and preparing for trial. No reason appears why that information was not previously provided the trial court, particularly since the relevant correspondence attached to plaintiff's motion was in existence when the earlier motion for continuance was filed. However, we cannot say in any event that plaintiff's own unexplained failure to assist her counsel by obtaining a necessary medical evaluation itself constituted "good cause" for delaying the litigation. Parties to litigation must be made aware they have a responsibility to the court and their counsel to assist in permitting their litigation to proceed in timely fashion, and be held responsible for doing so. Otherwise, they might frustrate the trial court's efforts to keep litigation current by their own inattention, delay or obstruction.

Our determination is not a rigid application of the rules of procedure resulting in dismissal of plaintiff's case contrary to the general principle that cases should be decided on their merits. We fully agree with that general principle. However, rules of procedure enacted by our supreme court

---

**4.** The problems of civil litigation delay and costs are among the *principal issues facing court management today.* Long delays in resolving disputes and the high costs involved in pursuing the average civil suit fuel the public discord with the courts and the legal profession. Of equal concern is the problem of access to justice that is exacerbated by high costs. The litigation process has become so costly that the expense in pursuing small to medium-stakes claims can exceed the potential recovery. M.D. Planet, *Reducing the Delay and Cost of Civil Litigation in the 1980's: Caseflow Management Plus Simpli-*

*fied Procedures,* Continuing Legal Education, State Bar of Arizona (1984).

**5.** The parties' stipulation was not binding on the trial court in any event. Although parties may stipulate regarding facts, they cannot properly stipulate either as to the applicable law or court procedures. Those matters are the trial court's own duty to determine. *E.g., Word v. Motorola, Inc.,* 135 Ariz. 517, 662 P.2d 1024 (1983); *State v. Boggs,* 103 Ariz. 328, 441 P.2d 778 (1968); *State Consol. Pub. Co. v. Hill,* 39 Ariz. 163, 4 P.2d 668 (1931).

cannot be disregarded by the parties, counsel or the courts. *Garcia v. State*, 148 Ariz. 146, 713 P.2d 347 (App.1986).

Accordingly, we find the trial court did not abuse its discretion, and affirm its order denying appellant's motion to set aside the prior order of dismissal.

CONTRERAS, P.J., and GRANT, J., concur.

NOTE: PAUL G. ULRICH was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. Art. VI, § 3 and A.R.S. §§ 12–145–47.