NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HEIDI HUNTER, et al., *Plaintiffs/Appellees,*

*v.*

SZILVIA BARNA, *Defendant/Appellant.*

No. 1 CA-CV 24-0488

FILED 02-11-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-053848

Desert Ridge (Northeast Regional) Justice Court
No. DRNRJ CC2021-016501S
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

APPEARANCES

Szilvia Barna, Laguna Niguel, California
*Defendant/Appellant*

Heidi Hunter, New River
*Plaintiff/Appellee*

Denis Alcock, New River
*Plaintiff/Appellee*

Barbara and Jay Chatzkel, New River
*Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Paul J. McMurdie joined.

---

**B R O W N**, Judge:

¶1　　　　Szilvia Barna appeals the superior court's order denying her motion for relief from a judgment following a jury's verdict finding her liable for damages based on breach of contract. For the following reasons, we affirm.

## BACKGROUND

¶2　　　　Plaintiffs Heidi Hunter, Denis Alcock, and Jay and Barbara Chatzkel, along with defendant Barna, own homes in New River, Arizona. The parties do not dispute that the four households were parties to two recorded agreements. The first agreement relates to a shared well that supplies water to their homes, and the second governs a shared roadway easement.

¶3　　　　In 2021, Plaintiffs sued Barna for breach of contract. The lawsuit started in small claims court but was later transferred to the justice court and finally to the superior court, where Plaintiffs filed an amended complaint. According to Plaintiffs, Barna bought her home in 2011, and her family resides there a few months each year. Plaintiffs alleged that Barna received services from the roadway easement and well and has equal responsibility with the other three households to pay the expenses related to those services, but her "accounts have been in default for many years." In her answer and amended counterclaim, Barna generally denied Plaintiffs' allegations and sought damages from Plaintiffs for allegedly breaching the roadway easement and well agreements.

¶4　　　　At the end of a three-day trial, the jury awarded damages for the breach of contract claims: $250,000 for Hunter, $225,000 for Alcock, and $100,000 for the Chatzkels. The jury also found for Plaintiffs on Barna's breach of contract counterclaim.

¶5　　　　On February 12, 2024, the superior court entered its final judgment based on the jury's verdicts under Arizona Rule of Civil Procedure ("Rule") 54(c). Barna did not appeal the judgment. Instead, on

March 13, she filed a motion for relief from judgment under Rule 60(b)(4) and (6). Barna argued the final judgment was void because it did not comply with A.R.S. §§ 41-1061(H) and -1063, explaining there were no "findings of fact" and "conclusions of law."

**¶6**        Several weeks later, the court denied Barna's motion, noting Barna had cited administrative proceedings statutes, which neither applied to this matter nor rendered the final judgment void. Around the same time, Barna filed a second motion for relief from judgment, seeking relief from judgment under Rule 60(b)(3), (4), and (6). She claimed in part that Plaintiffs committed fraud by fabricating evidence relating to an annual meeting concerning the well and a financial statement. Barna further asserted that the court improperly hid one of Plaintiffs' claims (fraudulent inducement) from the jury and instead "introduced a claim" that Barna had claimed "modification of the well agreement," which improperly shifted the burden of proof from Plaintiffs to her.

**¶7**        The superior court denied Barna's second motion, explaining it had reviewed the supporting exhibits and did not find any support for the allegations that evidence admitted at trial was fabricated or that the judgment stemmed from fraud. The court found that any alleged errors in legal rulings, the fairness of the proceedings, or the admission of evidence should have been raised in a motion for new trial under Rule 59. Barna timely appealed the court's order denying her second Rule 60(b) motion, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶8**        Barna argues the superior court abused its discretion in denying her motion for relief from judgment under Rule 60(b)(3), (4), and (6). We review the denial of a Rule 60(b) motion to set aside an order for an abuse of discretion. *Laveen Meadows Homeowners Ass'n v. Mejia*, 249 Ariz. 81, 83, ¶ 6 (App. 2020).

**¶9**        We first note that Barna must overcome two significant hurdles in challenging the superior court's ruling. First, under ARCAP 11(c), it was her duty to provide transcripts of all proceedings necessary to properly consider the issues on appeal. Because she failed to do so, we presume the record supports the jury's verdicts and each decision the court

made at trial.[1] *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998) ("When no transcript is provided on appeal, the reviewing court assumes that the record supports the [superior] court's decision."). Second, Rule 60(b) is not an alternative to appeal; rather, its primary purpose is to "allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review." *Tippit v. Lahr*, 132 Ariz. 406, 408–09 (App. 1982); *see also Ariz. State Dep't of Econ. Sec. v. Mahoney*, 24 Ariz. App. 534, 536 (1975) (explaining that Rule 60(b) is not a "substitute for appeal" or a "vehicle for relitigating issues").[2]

### A. Rule 60(b)(3)

**¶10** Under Rule 60(b)(3), a court may relieve a party from a final judgment for an opposing party's fraud, misrepresentation, or other misconduct. To obtain relief under this subsection, Barna was required to establish she had a meritorious defense and was prevented from fully presenting her defense before judgment because of Plaintiffs' "fraud, misrepresentation, or misconduct." *Est. of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993) (citation omitted). Considering those requirements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts." *Id.*

**¶11** In her motion, Barna argued that Plaintiffs fabricated evidence, specifically page three of Plaintiffs' trial Exhibit 4, a summary of the 2011 well meeting. She asserted that no well meeting occurred in 2011 and provided confirming emails. Barna also claimed that Plaintiffs fabricated Exhibit 3, a financial statement.

**¶12** Nothing in the record shows that Barna was precluded from raising these concerns at trial. Because she knew of the emails in 2012, Plaintiffs could not have fraudulently prevented her from fully presenting her argument. Likewise, we reject Barna's assertion that she is entitled to relief under Rule 60(b)(3) because Plaintiffs allegedly fabricated Exhibit 3.

---

[1] Barna filed a notice in the superior court stating that "she has not ordered any transcripts for her appeal" of her denied Rule 60(b) motion and that "[a]ny references to evidence will be directly pointed to evidence 'on the record,' as described in ARCAP 11."

[2] "The Arizona Rules of Civil Procedure changed in 2016, reorganizing Rule 60(c) as Rule 60(b), without substantive change." *Gonzalez v. Nguyen*, 243 Ariz. 531, 532, ¶ 1, n.1 (2018).

Without transcripts, there is no confirmation that Barna made timely objections to the admission of Exhibits 3 and 4.

¶13        To justify relief under Rule 60(b)(3), Barna must have shown she had a meritorious claim and was prevented from fully presenting it before judgment because of Plaintiffs' fraud.  Because she has not made that showing, the superior court's order denying Barna's second motion for relief under Rule 60(b)(3) was not an abuse of discretion.

### B.        Rule 60(b)(4)

¶14        Barna asks us to declare the judgment void under Rule 60(b)(4) because the superior court's order was arbitrary and did not address the legal issue.  She also argues the court failed to properly instruct the jury on the statute of limitations, which prejudiced her because the action should have been barred in 2017.

¶15        Barna cites *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010), noting "a void judgment is a legal nullity" and is one so affected by a "fundamental infirmity that the infirmity may be raised even after the judgment becomes final."  However, Barna fails to recognize that it is her burden to show that jurisdiction here is lacking or that there was a denial of due process.  *Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980) ("Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties."); *see also Espinosa*, 559 U.S. at 271 ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.").  The superior court had jurisdiction over the parties and the subject matter of the case, and Barna has not shown she was denied due process.

### C.        Rule 60(b)(6)

¶16        Barna argues the superior court improperly introduced a claim on her behalf to the jury, which justifies relief under Rule 60(b)(6).  She contends the court hid her fraudulent inducement claim from the jurors and improperly shifted the burden to her by telling them she claimed the well agreement had been modified.  In support of her contention, Barna cites *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949), arguing the "other reason" clause under Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  However, Rule 60(b)(6) is limited in that it does not allow a trial judge "to re-weigh evidence or review legal errors" or "provide an alternative to an appeal."  *Aloia v. Gore*, 252 Ariz. 548, 553, ¶ 20 (App.

2022). Relief may be granted only if "the *movant* can show 'extraordinary circumstances of hardship or injustice justifying relief.'" *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶¶ 25–27 (App. 2015) (emphasis added) (citation omitted) (finding an exceptional circumstance where a case was placed on the inactive calendar until one of the litigants finished his military service, but after a change of judge the litigant was ordered to participate while he was still on active duty).

¶17 As the superior court explained, Barna's alleged errors about legal rulings, the fairness of the proceedings, and the admission of evidence should have been raised in a motion for a new trial under Rule 59. The court explained that the 15-day deadline for filing a timely Rule 59 motion passed before Barna's second motion for relief was filed and the court had no jurisdiction to enlarge the time for filing it. It also explained that Barna could not utilize Rule 60 to replace evaluating alleged trial errors in the absence of a timely Rule 59 motion, citing *Aloia*, 252 Ariz. at 553, ¶ 20.

¶18 Moreover, because Barna did not provide transcripts, we cannot consider whether the superior court presented a claim to the jury on Barna's behalf that was unfavorable to her, or whether she made an appropriate objection to the court's action during trial. Barna has failed to present any extraordinary circumstances of hardship or injustice justifying relief under Rule 60(b)(6).

## CONCLUSION

¶19 Because Barna has not shown that the superior court abused its discretion in denying her second Rule 60(b) motion, we affirm. To the extent Plaintiffs seek an award of attorneys' fees incurred on appeal, we deny the request because Plaintiffs are self-represented. *See Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362 (App. 1987) (explaining that parties who represent themselves are not entitled to attorneys' fees).

