688 P.2d 637

Mickie BICKERSTAFF,
Plaintiff/Appellant,

v.

DENNY'S RESTAURANT, INC., a
foreign corporation,
Defendant/Appellee.

No. 17490–PR.

Supreme Court of Arizona,
In Banc.

Sept. 19, 1984.

Reconsideration Denied Oct. 23, 1984.

Ruben Salter, Jr., Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon by Darwin J. Nelson, Tucson, for defendant/appellee.

GORDON, Vice Chief Justice:

On October 26, 1980, plaintiff Mickie Bickerstaff fell in the parking lot of a Denny's Restaurant in Tucson. Over a month later, she returned to the restaurant to complain to the management about the incident. On September 4, 1981, she filed a personal injury action against Denny's Restaurant, Inc. alleging negligent upkeep of the premises. That action was placed on the inactive calendar by the Pima County Superior Court Administrator on October 8, 1982 pursuant to the provisions of Ariz. Unif.R.P.Super.Ct. V(d).[1] Pursuant to the same rule, the matter was dismissed without prejudice for lack of prosecution on December 10, 1982. Plaintiff moved, in March, 1983, to set aside the order of dismissal pursuant to Ariz.R.Civ.P. 60(c). The motion was denied. Plaintiff appealed to Division Two of the Court of Appeals which vacated the denial of the motion and ordered the trial court to set aside the dismissal. *Bickerstaff v. Denny's Restaurant, Inc.*, 142 Ariz. 21, 688 P.2d 667 (App.1984). Defendant petitioned this Court to review the decision of the Court of Appeals. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ. App.P. 23. The opinion of the Court of Appeals is approved in part and vacated in part; the trial court's denial of the motion to set aside is affirmed.

■ To obtain relief from an order of dismissal, a movant must show (1) that his or her failure to adequately object to the dismissal was excused by one of the grounds set forth in Ariz.R.Civ.P. 60(c), (2) that he or she acted promptly in seeking relief from the order of dismissal, and (3) that he or she had a meritorious claim. *Cf. Webb v. Erickson*, 134 Ariz. 182, 655 P.2d 6 (1982) (grounds for relief from judgment of default).

In this case, plaintiff sought to excuse her failure to object to the dismissal under Ariz.R.Civ.P. 60(c)(1) and under Ariz.R. Civ.P. 60(c)(6).[2] The Court of Appeals held that clause 1 was not a ground for relief because plaintiff's neglect was not excusable but granted relief pursuant to clause 6.

■ Clause 1 allows a trial court to grant relief from a final judgment or order upon a finding of mistake, inadvertence, surprise, or excusable neglect. The test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar

1. This provision has subsequently been amended in ways not relevant to this matter and has been renumbered as Ariz.Unif.R.P.Super.Ct. V(e). At the time of this action, Rule V(d) provided:
   "The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been served and filed within one year after the commencement thereof * * *. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution * * * unless prior to the expiration of such two month period:

   "(1) A proper Motion to Set and Certificate of Readiness is served and filed; or
   "(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal."

2. These rules provide:
   "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment * * *."

circumstances. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984). We agree with the Court of Appeals that plaintiff "showed no facts which brought her within the foregoing rule," *Bickerstaff, supra,* at 29, 688 P.2d at 675, and approve that portion of the Court of Appeals' opinion discussing clause 1. The trial court properly rejected Ariz.R.Civ.P. 60(c)(1) as a ground upon which to set aside the dismissal.

◼ Clause 6 allows a trial court to grant relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment." We have recently noted that the wording of clause 6 places two separate limitations on its application:

> "First, the reason for setting aside the [judgment or order] must *not* be one of the reasons set forth in the five preceding clauses. * * * Second, the 'other reason' advanced must be one which *justifies* relief." (citations omitted)

*Webb v. Erickson, supra,* at 186, 655 P.2d at 10 (emphasis in original). We concluded that, to justify relief under clause 6, the facts must go beyond the factors enumerated in clauses 1 through 5 and raise "extraordinary circumstances of hardship or injustice * * *." *Id.* at 187, 655 P.2d at 11. Although a factor relevant to clauses 1 through 5 will not be a sufficient ground to set aside a dismissal under clause 6 when standing alone, it may be "an equitable consideration to be weighed with other factors to determine if there are extraordinary circumstances present which justify relief." (citations omitted) *Id.* at 188, 655 P.2d at 12.

In *Webb,* we found four factors which, in combination, created a unique situation justifying relief from judgment. In the instant case, plaintiff has advanced several factors which she suggests warrant a finding of "extraordinary circumstances" and a grant of relief from judgment. We find no extraordinary circumstance here and af-

firm the trial court's denial of the motion to set aside the judgment.

◼ First, plaintiff complains that, with the dismissal, she will suffer extreme, unexpected hardship because she will have to personally pay her medical costs and bear the burden of her lost income. This, of course, would also have been the result if judgment on the merits had been reached in favor of defendant and is not itself an unusual circumstance. Rather, it is an argument which more properly would be considered in determining whether plaintiff had a meritorious claim. Because of our holding that plaintiff has not justified her failure to adequately object to the dismissal, we do not reach the issue of whether plaintiff had a meritorious claim in this case.[3]

Second, plaintiff asserts that there were ongoing settlement negotiations prior to the dismissal. This point is challenged by defendant and we find it impossible to conclude, from the record before us, whether settlement was being seriously discussed at the time the matter was dismissed. Regardless of the status of settlement negotiations, however, we acknowledge and accept as fact that plaintiff's counsel was actively involved in the case and had not abandoned it when it was dismissed for "lack of prosecution."

◼ A third factor urged by plaintiff is that the statute of limitations on her claim had run prior to the dismissal and that she is therefore barred from refiling the action. The Court of Appeals found this factor to be most significant. "The fact that the statute of limitations has expired makes this an extraordinary case," *Bickerstaff, supra,* at 30, 688 P.2d at 676. We disagree. The mere passage of the limitations period does not create a unique situation justifying relief from judgment. The result of the Court of Appeals' opinion would be to judicially add a seventh clause to Ariz.R.Civ.P. 60(c) providing that " * * * the court may relieve a party * * * from a

---

**3.** For the same reason, we do not reach the issue of whether plaintiff acted promptly in

seeking relief from the order of dismissal.

final judgment * * * for the following reasons: passage of the statutory limitations period"; it would also judicially amend Ariz.Unif.R.P.Super.Ct. V(d) (now Ariz. Unif.R.P.Super. V(e), to provide that "[a]ll cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution unless the statutory limitations period has passed." The proper way to alter either of these rules is to change the rule itself. *See Sloan v. Florida-Vanderbilt Development Corporation,* 22 Ariz.App. 572, 529 P.2d 726 (1975). Under Ariz. Const. art. 6, § 5(5), only this Court is empowered to make such changes. While we agree that the passing of the statutory limitations period may certainly be considered as one of many factors in a determination of "extraordinary circumstances," we hold that alone it does not create such a circumstance.

 Under the facts of this case, we find that the trial court's refusal to set aside the dismissal pursuant to Ariz.R. Civ.P. 60(c)(6) was not an abuse of discretion. Without a showing of an abuse of discretion, we will not disturb a trial court's decision on a motion to set aside a judgment, *see, e.g., Staffco, Inc. v. Maricopa Trading Co.,* 122 Ariz. 353, 595 P.2d 31 (1979). Therefore, we affirm the trial court's denial of the motion.

We recognize that this is a harsh result for plaintiff. Although she was not personally negligent, the fault of her attorney is attributed to her; it is only when an attorney's failure to act is legally excusable that relief may be obtained. *United Imports & Exports, Inc. v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982); *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980). Plaintiff argues and we agree that some courts have allowed relief when counsel's neglect was inexcusable. However, in those cases, the inexcusable neglect amounted to a total abandonment of actual representation. *See, e.g., Boughner v. Secretary of Health, Education & Welfare,* 572 F.2d 976, 977 (3d Cir.1978) (attorney's "egregious conduct amounted to

nothing short of leaving his clients unrepresented"); *United States v. Cirami,* 563 F.2d 26, 34 (2d Cir.1977) (attorney's failure to act caused by a mental disorder which "induced him both to neglect his duties and to assure his client that he was attending to them"). Such a case is not before us.

The opinion of the Court of Appeals is approved in part and vacated in part; the trial court's denial of the motion to set aside the judgment of dismissal is affirmed.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.