NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANGELA J. VIDALES, an individual,
*Plaintiff/Appellant*,

*v.*

DONALD B. HUTH, an Arizona certified
home inspector, Certificate No. 40519;
HOOTY'S HOME INSPECTIONS, LLC,
*Defendants/Appellees*.

Nos. 1 CA-CV 14-0406, 1 CA-CV 14-0610
(Consolidated)
FILED 5-14-2015

Appeal from the Superior Court in Maricopa County
Nos.  CV2013-005038, CV2013-005129
The Honorable J. Richard Gama, Judge
The Honorable Colleen French, Judge *Pro Tempore*
The Honorable Maria del Mar Verdin, Judge, *Retired*

**REVERSED AND REMANDED**

COUNSEL

Gallagher & Kennedy, P.A., Phoenix
By Jeffrey D. Gross, Christopher W. Thompson
*Counsel for Plaintiff/Appellant*

Simmons & Gottfried, PLLC, Scottsdale
By Jared C. Simmons, David Marhoffer
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

**¶1**        In these consolidated appeals, Angela J. Vidales challenges the superior court's (1) denial of her request for relief, pursuant to Arizona Rule of Civil Procedure ("Rule") 60(c), from the dismissal of her complaint against Donald B. Huth and Hooty's Home Inspections, LLC (collectively, "Hooty") with prejudice in 1 CA-CV 14-0406, and (2) award of attorneys' fees to Hooty in 1 CA-CV 14-0610.  For the following reasons, we reverse the court's Rule 60(c) ruling and remand for further proceedings.  We also reverse the court's attorneys' fees award.

## BACKGROUND

**¶2**        Vidales purchased a home in December 2010.  Before the close of escrow, Vidales' realtor, Dorathey Duffield, arranged for Huth to conduct a property inspection.  Less than two months after escrow closed, a substantial roof leak occurred, though such defect was not reported in Huth's inspection report.

**¶3**        Because Hooty declined to accept responsibility for the inspection oversight, Vidales filed a complaint against Huth with the Arizona State Board of Technical Registration ("Board").  Following its investigation, the Board issued a Consent Agreement, Order of Discipline, and a Letter of Reprimand, finding that Huth "failed to conduct the home inspection in accordance with the Standards of Professional Practice for Arizona Home Inspectors," and specifically, that he "[f]ailed to properly identify the condition of the leaking roof."

**¶4**        In May 2013, Vidales filed a pro per complaint against Hooty and Duffield in superior court, cause number CV2013-005038 ("Case 1").  Although Vidales' complaint included some factual information (including a copy of the Consent Agreement), the complaint did not identify a theory of recovery or request specific relief.

**¶5**        Duffield moved to dismiss under Rule 12(b)(6), asserting the complaint was procedurally defective, that she could not be held

vicariously liable for Hooty's alleged negligent inspection of the property, and that the claim was barred by the statute of limitations. Hooty also filed a motion to dismiss under Rule 12(b)(6), asserting the complaint failed to state a claim upon which relief could be granted and did not include required provisions such as jurisdiction, venue, or the elements of a cause of action. Hooty therefore argued the complaint was "technically and procedurally insufficient." Attached to Hooty's motion was a proposed order dismissing the case with prejudice. In response the motions to dismiss, Vidales stated that her complaint was filed without claim information, that she had "several receipts to submit," that she was obtaining a subpoena for a report from the City of Goodyear, and that her damages were still unknown.

¶6  The superior court issued an unsigned minute entry granting both motions to dismiss and "dismissing the matter without prejudice." The court also directed Duffield and Hooty to lodge a form of order.

¶7  Duffield submitted a proposed form of order dismissing the matter *with* prejudice, which included a footnote explaining that "the basis for [Duffield's] motion was substantive[,] not procedural," and for "this reason" dismissal is "with prejudice." Hooty submitted its own proposed form of order dismissing the matter with prejudice, but without an explanation for why dismissal should be with prejudice. Neither of these submittals reflected the relief ordered by the minute entry, which dismissed the matter without prejudice. In an unsigned minute entry issued October 2, 2013, the court noted that the proposed forms of order "contain[ed] language that dismissal should be with prejudice." Noting that Vidales failed to object to the proposed language, the court signed an order dismissing the case with prejudice as to both Duffield and Hooty.

¶8  Before the court had granted dismissal with prejudice in CV2013-005038, on September 20, 2013, Vidales filed a second pro per complaint against Hooty and Duffield in superior court under a new cause number, CV2013-005129 ("Case 2"). The complaint set forth specific factual information relating to jurisdiction, venue, and her alleged claims relating to the roof leak. After the superior court had dismissed Vidales' complaint with prejudice in Case 1, Hooty filed a motion to dismiss her complaint in Case 2, asserting the claims were barred by res judicata and requesting an award of attorneys' fees.

¶9  On November 18, 2013, Vidales filed a motion for relief from the order entered in Case 1 pursuant to Rule 60(c)(1), (3) and (6), explaining that she "did not notice" that, unlike the language of the superior court's

minute entry, Hooty's proposed form of order directed dismissal with prejudice. Vidales explained she "had no reason to think the parties would file proposed forms of order inconsistent" with the ruling in the court's minute entry. The court denied the request for Rule 60(c) relief, finding that Vidales "was given the opportunity to participate in the judicial process and chose not to do so" by failing to object to the proposed form of order.

¶10 Following the superior court's denial of Vidales' request for Rule 60(c) relief in Case 1, Hooty filed a motion for summary adjudication in Case 2. The court granted Hooty's motion and dismissed Vidales' complaint with prejudice. The court also awarded Hooty $3,495.92 in attorneys' fees. Vidales timely appealed from the order denying Rule 60(c) relief and the order awarding attorneys' fees.[1] This court, on its own motion, consolidated the cases for appellate review.

## DISCUSSION

### A. Denial of Request for Rule 60(c) Relief in Case 1

¶11 Pursuant to Rule 58(a), a proposed form of judgment "shall be served upon all parties and counsel." A judgment includes "an order from which an appeal lies." Ariz. R. Civ. P. 54(a). Upon being served with the form of judgment, the opposing party has a five-day period to lodge any objections. Ariz. R. Civ. P. 58(d). In this case, it is undisputed that Vidales received Hooty's proposed form of order and failed to file a timely objection.

¶12 Vidales contends that notwithstanding her failure to object, the dismissal with prejudice order should be set aside on three grounds: (1) "mistake, inadvertence, surprise or excusable neglect" (Rule 60(c)(1)); (2) "fraud, misrepresentation or other misconduct of an adverse party" (Rule 60(c)(3)); and (3) "any other reason justifying relief from the operation of the judgment" (Rule 60(c)(6)).

¶13 The purpose of Rule 60(c) "is to provide relief for those mistakes and errors which inevitably occur despite diligent efforts to comply with the rules." *City of Phoenix v. Geyler*, 144 Ariz. 323, 332, 697 P.2d 1073, 1082 (1985). The rule "is primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review."

---

[1] Vidales has not appealed the dismissal of her claims against Duffield in either case.

*Hyman v. Arden-Mayfair, Inc.*, 150 Ariz. 444, 446, 724 P.2d 63, 66 (1986) (internal quotation omitted).

**¶14** We review a superior court's order denying relief under Rule 60(c) for an abuse of discretion. *Geyler*, 144 Ariz. at 328, 697 P.2d at 1078. "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be 'clearly untenable, legally incorrect, or amount to a denial of justice.'" *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17, 141 P.3d 824, 830 (App. 2006) (quoting *State v. Chapple*, 135 Ariz. 281, 297 n.18, 660 P.2d 1208, 1224 n.18 (1983)).

**¶15** In response to Vidales' motion for Rule 60(c) relief, Hooty asserted "the substantive arguments made by all the Defendants" regarding the statute of limitations justified the superior court's dismissal of Vidales' complaint with prejudice. Contrary to Hooty's representation, the record reflects that only Duffield raised a statute of limitations challenge to Vidales' complaint. In its motion to dismiss, Hooty argued the complaint was "technically and procedurally insufficient" based on Vidales' failure to set forth a cognizable theory for relief. Hooty neither independently raised a substantive challenge nor joined in Duffield's motion.

**¶16** On appeal, Hooty no longer claims there was a substantive basis for dismissal with prejudice. Instead, Hooty asserts for the first time that "the language 'with prejudice' may have been innocently and inadvertently copied" from a "different proposed order." According to Hooty, "this is an error that, on occasion happens in a busy law office, and it was incumbent upon Vidales . . . to catch this error" by Hooty's counsel and "and bring it to the attention of the trial court."

**¶17** To obtain relief under Rule 60(c)(3), the movant must (1) have a meritorious claim, (2) that was not fully presented before judgment, (3) because of the adverse party's fraud, misrepresentation, or misconduct.[2] *See Estate of Page v. Litzenburg*, 177 Ariz. 84, 93, 865 P.2d 128, 137 (App. 1993). Under Rule 60(c)(3), "misconduct," unlike "fraud" and "misrepresentation," is broadly construed to include "accidental" and "inadvertent" errors not motivated by bad faith. *See Norwest Bank, N.A. v. Symington*, 197 Ariz. 181, 186, ¶¶ 19, 22, 3 P.3d 1101, 1106 (App. 2000) (holding an inadvertent discovery violation constitutes misconduct under

---

[2]   Based on the Consent Agreement, in which Huth acknowledged his inspection fell below professional standards, Vidales has demonstrated a meritorious claim that she was not able to fully present before judgment.

Rule 60(c)(3)); *Estate of Page*, 177 Ariz. at 93, 865 P.2d at 137 (noting "misconduct" under Rule 60(c) "may include even accidental omissions"); *see also Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988) (analyzing analogous federal rule and concluding "[m]isconduct does not demand proof of nefarious intent or purpose as a prerequisite to redress. . . . Accidents—at least avoidable ones—should not be immune from the reach of the rule.") (internal quotations omitted).

¶18       Applying this broad construction of "misconduct" to the unique factual scenario presented here, we conclude the superior court erred in denying Vidales' request for Rule 60(c) relief.  First, in the superior court, Hooty erroneously represented that it had raised a substantive challenge to Vidales' complaint.  Second, on appeal, Hooty confesses error in submitting the proposed form of judgment that dismissed Vidales' claims with prejudice.  Rather than acknowledging the error before the superior court, Hooty advocated that the wording change was legally proper and accepted the benefit of its mistake.  Third, Hooty does not defend the dismissal with prejudice other than to shift responsibility to Vidales based on her failure to object.  Finally, because Hooty's motion to dismiss was based solely on the complaint's procedural defects and did not raise any substantive challenges, there was no substantive basis upon which the complaint could properly be dismissed with prejudice.

¶19       Therefore, given the circumstances of this case, particularly with the confession of error by Hooty on appeal, rejection of Vidales' claim for Rule 60(c) relief results in a denial of justice.  We therefore vacate the order dismissing Vidales' complaint with prejudice and remand for further proceedings consistent with this decision.

### B.       Award of Attorneys' Fees in Case 2

¶20       In response to Vidales' filing of a new complaint in Case 2, Hooty filed a motion to dismiss, arguing the complaint was barred by the doctrine of res judicata.  Hooty also requested an award of its attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-341.01 (claim arising out of contract) and –349 (claim brought without substantial justification, for purposes of harassment, or unreasonably expanding or delaying the proceeding).  Following the court's denial of Vidales' request for Rule 60(c) relief in Case 1, Hooty filed a motion for summary adjudication that requested an award of attorneys' fees pursuant to A.R.S. § 12-349 only.  The court entered an order for summary adjudication that awarded Hooty its attorneys' fees and costs without identifying the statutory basis for the fee award or setting forth any findings.

¶21 Vidales unsuccessfully moved for reconsideration of the attorneys' fees award, expressly noting that under A.R.S. § 12-350 an award of attorneys' fees cannot be entered pursuant to § 12-349 unless the court enters specific findings. In response to Hooty's affidavit of attorneys' fees, Vidales again argued there was no basis for an award of attorneys' fees pursuant to § 12-349 and the court was precluded from entering an award on that basis absent specific findings made in accordance with A.R.S. § 12-350. The court subsequently entered a minute entry finding "that the attorney's fees requested are reasonable" and awarding Hooty fees in the amount of $3,495.92.

¶22 Although Hooty initially requested an award of attorneys' fees pursuant to A.R.S. § 12-341.01, in addition to § 12-349, it has abandoned that claim, both in the superior court and by failing to defend the attorneys' fees award on that basis in its appellate briefing. The question before us, then, is whether the award of attorneys' fees is supported by A.R.S. § 12-349.

¶23 Under A.R.S. § 12-349, the court shall assess reasonable attorneys' fees "if the attorney or party": (1) brings or defends a claim without substantial justification; (2) brings or defends a claim solely or primarily for delay or harassment; (3) unreasonably expands or delays the proceeding; or (4) engages in abuse of discovery. "In awarding attorney fees pursuant to § 12-349, the court *shall* set forth the specific reasons for the award[.]" A.R.S. § 12-350 (emphasis added).

¶24 Contrary to Hooty's argument that Vidales waived this issue, she twice referred the superior court to § 12-350 and noted the court's lack of findings. *See Trantor v. Fredrikson*, 179 Ariz. 299, 301, 878 P.2d 657, 659 (1994) (explaining a party need only alert the court to the lack of findings to preserve the issue). Nonetheless, no findings were entered to support an award of attorneys' fees pursuant to § 12-349. Because the court did not make the requisite findings, "its award cannot be upheld," and we therefore reverse the award of attorneys' fees. *Estate of Craig v. Hansgen*, 174 Ariz. 228, 239, 848 P.2d 313, 324 (App. 1992) (reversing an award of attorneys' fees pursuant to A.R.S. § 12-349 because the court failed to set forth the specific reasons for its award as required by A.R.S. § 12-350); *see also State v. Richey*, 160 Ariz. 564, 565-66, 774 P.2d 1354, 1355-56 (1989) (reversing an attorneys' fees award based on the superior court's failure to enter specific findings).

### C. Attorneys' Fees and Costs on Appeal

**¶25** Hooty has requested an award of its attorneys' fees and costs pursuant to A.R.S. §§ 12-341.01 and -349. Given the outcome of the appeal, we deny the request. We award taxable costs to Vidales subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

**¶26** We reverse the superior court's denial of Vidales' request for Rule 60(c) relief and remand for further proceedings in Case 1. We also reverse the court's award of attorneys' fees to Hooty in Case 2.



Ruth A. Willingham · Clerk of the Court
FILED : ama